UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

SHALANDRA JONES,

    Plaintiff,

       v.

DAVID LACEY, in his official

    and individual capacities, and,

CITY OF DEARBORN, a Michigan Municipality,

    Defendants.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, SHALANDRA JONES, by and through her attorneys, DETROIT LEGAL SERVICES, states as follows for her Complaint:

1. This is an action for monetary, injunctive and declaratory relief, pursuant to 42 U.S.C. Sec. 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, Title II of the Americans with Disabilities Act, and Michigan law MCL 333.3151, against the Defendants David Lacey, a police officer of the City of Dearborn, in his individual and official capacity, and against the City of Dearborn.

2. Plaintiff Shalandra Jones alleges that her fundamental privacy rights, Title II Americans with Disabilities Act rights, and MCL 333.3151 were violated when Defendant Lacey, following City of Dearborn Police Department custom and policy as well as demonstrating his own prejudices, disclosed aloud to two other private individuals that

Plaintiff was HIV positive, berated and humiliated Plaintiff for both having HIV and for failing to disclose that to him in advance of the vehicle stop, and unreasonably and discriminatorily detained and charged Plaintiff solely on the basis of her HIV positive status.

3. This Court has original jurisdiction in this case pursuant to 28 U.S.C. Sec. 1331 and 1343 as to claims arising under the United States Constitution, 42 U.S.C. Sec. 1983, and the Declaratory Judgment Act, 28 U.S.C. Sec. 2201 and 2202.

4. Venue is appropriate in this Court because the events and/or omissions which give rise to Plaintiff's cause of action occurred in Wayne County, Michigan.

5. Plaintiff Shalandra Jones, ("Plaintiff" or "Jones"), is an adult individual residing in the City of Detroit, County of Wayne, State of Michigan.

6. Defendant David Lacey, ("Lacey"), was a police officer working for the City of Dearborn Police Department at all times pertinent hereto; he is sued in his official and individual capacities.

7. Defendant City of Dearborn is a municipality and public entity in Wayne County, Michigan, and is the employer of Defendant Lacey and establishes policies, customs and practices for the City of Dearborn police department, including those followed by Lacey.

8. Plaintiff was, and has at all times relevant hereto, been legally allowed the possession of a small quantity of marijuana under the Michigan Medical Marijuana laws, and did possess only such a quantity of marijuana at the time of the traffic stop to be described below.

9. Plaintiff never consented to a search of her personal effects by Lacey nor did Lacey ask for her permission to do so.

10. Specifically, on or about August 3, 2012, at approximately 7:00 p.m., Plaintiff was a passenger in her own vehicle when it was stopped by Dearborn Police Officer Lacey.

11. Lacey approached the vehicle and stated that he could smell marijuana, going on to say that if Plaintiff and the other vehicle occupants (the driver and another passenger) were honest, everything would be fine and "no one would go to jail for a ten dollar bag of marijuana."

12. Plaintiff, a Michigan medical marijuana state-authorized patient at all times relevant hereto, disclosed that she had some marijuana, which she gave over to Lacey upon his demand (and which he did not return).

13. Lacey made a point of stating more than once that the marijuana "smelled good."

14. Lacey then asked the vehicle driver for a license, and found the driver had no operator's license, at which point Lacey began to search the vehicle and also Plaintiff's personal effects, including her purse.

15. Lacey, upon searching Plaintiff's purse, though finding nothing incriminating, asked Plaintiff, in the presence of other private individuals, the reason for which she took the medications contained in her (Plaintiff's) purse, (which were clearly prescribed to her and not illegal drugs).

16. Plaintiff responded to Lacey's overly intrusive inquiry about the pills in her purse by telling him they were for her HIV illness.

17. Upon hearing Plaintiff's response indicating that she was HIV positive, (see preceding paragraph), Lacey told Plaintiff "you just made me mad!"

18. When Plaintiff asked Lacey whether he was mad, Lacey told the Plaintiff that she was required to notify Lacey in advance of her HIV status, that he "did not want to take any

diseases home to his family", and that "Dearborn does not have that many people living with HIV, and the police do not like people with HIV."

19. Upon making the preceding statement, Lacey returned to his police cruiser and left Plaintiff standing outside the cruiser while he asked the driver what kind of "diseases" the Plaintiff had, and berating the other passenger of the vehicle as to what diseases he might have as well.

20. Lacey told Plaintiff that he only deals with "this kind of people" on the "other end of Dearborn", and that he was only writing the ticket because Plaintiff was HIV positive.

21. Lacey's clear intent in writing the ticket was to deter Plaintiff and others who are HIV positive from coming to Dearborn.

22. Lacey's statement is reflective of more than his personal opinions, and instead, by his own admission, there the policy of the Dearborn Police Department.

23. Lacey's statements regarding Plaintiff were cruel, discriminatory as to her disability, and did cause emotional harm and embarrassment to Plaintiff.

24. Plaintiff is a qualified individual under the American's with Disabilities Act ("ADA").

25. Defendant City of Dearborn and its police department failed to train Lacey and the police department personnel generally as to their duties not to discriminate in any way on the basis of an individual's disability, or perceived disability, pursuant to Title II of the ADA.

26. Instead, Lacey's treatment of Plaintiff, as per his statements recited above, was overtly discriminatory, and was overtly stated to be the policy, custom and practice of the City of Dearborn police department to treat HIV positive individuals in such a manner.

4

27. Plaintiff's HIV is a disability in fact and/or Lacey regarded her as disabled, in accordance with Lacey's own beliefs and because of the policies, practices and customs of the Defendant City of Dearborn.

28. The City of Dearborn is and was required under regulations promulgated under Title II of the ADA to train police officers about Title II of the ADA and how they should interact with individuals with disabilities in peaceful, non-discriminatory encounters; the City of Dearborn failed in this requirement.

29. The ADA specifically dictates that the Defendant City of Dearborn cannot subject Plaintiff to discrimination on the basis of her disability – period. The behavior described above is clearly discriminatory.

30. As a direct and proximate result of the actions of the Defendants, Plaintiff suffered the following damages:

    a. Violation of her rights to privacy under the Fourth and Fourteenth Amendments of the U.S. Constitution;

    b. Loss of her physical liberty;

    c. Overly intrusive inquiry in violation of the ADA;

    d. Unlawful search of her personal effects;

    e. Being subjected to blatant discrimination in violation of Title II of the ADA due to her disability;

    f. Severe embarrassment, emotional trauma, psychological trauma, loss of self-esteem, humiliation and outrage; and,

    g. Deprivation of the non-discriminatory treatment which Lacey and the City of Dearborn should have provided under the ADA.

31. The actions of the Defendants violated the following clearly established, well-settled federal constitutional rights of Plaintiff:

   a. A fundamental right to privacy as to the disclosure of a private individual's HIV positive status by police officer to other private individuals;

   b. A right to be free from unreasonable searches and/or seizures.

32. At all times relevant hereto, Defendant Lacey was acting under color of law and under color of authority as a police officer, employee, agent and/or servant of the City of Dearborn.

## COUNT I – 42 U.S.C. Sec. 1983 against Defendant Lacey

33. Plaintiff hereby re-alleges and incorporates the preceding paragraphs one through thirty-two by reference as though fully set forth herein.

34. Plaintiff claims damages for the injuries described above for Defendant Lacey's violations of 42 U.S.C. Sec. 1983.

## COUNT II – 42 U.S.C. Sec. 1983 (City of Dearborn, only)

35. Plaintiff hereby re-alleges and incorporates the preceding paragraphs one through thirty-four by reference as though fully set forth herein.

36. Prior to August 3, 2012, the Dearborn Police Department developed and maintained policies, customs and practices exhibiting deliberate indifference to the constitutional right to privacy as to one's HIV status, even where no legitimate government interest supported those policies, customs and practices, and such caused a violation of Plaintiff's rights.

37. It was the policy, practice and/or custom of the Dearborn P.D. to fail to exercise reasonable care in hiring police officers, including Defendant Lacey, and as a result

failing adequately to prevent constitutional and ADA violations on the part of its police officers. It was the policy, practice and/or custom of the Dearborn P.D to inadequately supervise and train its police officers, including Defendant Lacey, and thereby failing to appropriately discourage constitutional violations on the part of Dearborn's police officers.

39. As a result of the aforementioned customs, practices and policies, Dearborn police officers, including Lacey, believed that their actions would not be monitored properly by supervisory department staff, and that their misconduct would not be investigated, but instead it was both sanctioned and/or tolerated.

40. A deliberate indifference by the City of Dearborn to the fundamental right of the Plaintiff is demonstrated by the above referenced customs, policies and practices, and was the cause of the violations of the Plaintiff's rights.

## COUNT III – VIOLATION OF TITLE II OF THE ADA

41. Plaintiff hereby re-alleges and incorporates the preceding paragraphs one through forty by reference as though fully set forth herein.

42. The actions of the Defendants as described above are discriminatory against Plaintiff, a qualified individual under the ADA, on the basis of her disability, and/or because she is regarded by Defendants as disabled.

43. The actions of Defendant Lacey violates the ADA §12203 (a) (b) by participating in actions that were based in retaliation, coercion, and intimidation based on Plaintiff's disability.

44. The Defendant City of Dearborn's failures to train or supervise, and their policies, customs and practices promoted an atmosphere that supported the very discrimination that Plaintiff experienced, as described above.

45. As a direct and proximate result of the foregoing actions, Plaintiff claims damages for the injuries described above for Defendant Lacey's and Defendant Dearborn's violations of her right to be free from discrimination by public entities pursuant to Article II of the ADA.

### COUNT IV – VIOLATION OF MCL 333.5131 (MICHIGAN LAW)

46. Plaintiff hereby re-alleges and incorporates the preceding paragraphs one through forty-five by reference as though fully set forth herein.

47. The actions of Defendants as established above violated MCL 333.5131 in that Plaintiff Lacey spoke to an unauthorized individual regarding Plaintiff's protected health status including her HIV positive health information.

48. The actions of Defendant City of Dearborn violated MCL 333.5131 in that they released a video dash cam video of the illegal actions without first protecting Plaintiff's protected health status including her HIV positive health information.

49. As a direct and proximate result of the foregoing actions, Plaintiff claims damages for the injuries described above for Defendant Lacey's and Defendant Dearborn's violations of MCL 333.5131.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to:

    A. Enter Judgment in her favor and against the Defendants;

B. Enter an order(s) declaring the actions of the Defendants to be in violation of the Constitution of the United States and of Article II of the American's with Disabilities Act;

C. Award Plaintiff compensatory and punitive damages against Defendants;

D. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. Sec. 1988 and pursuant to the similar provision of the ADA and MCL 333.5131, as well as under any other applicable provision of law;

E. Enter a permanent injunction, upon proper motion, requiring Defendant City of Dearborn to develop and adopt appropriate policies as to the hiring, supervision and training of its police officers; and,

F. Grant to Plaintiff such other and further relief as may be appropriate and just, including appropriate injunctive relief.

DETROIT LEGAL SERVICES, PLLC

BY: S/ Joshua L. Moore_____
JOSHUA L. MOORE
Attorney for Plaintiff
16861 Greydale Ave.
Detroit, MI 48219
(313) 673-5472
joshuamooreesq@aol.com
(P-71021)

JURY DEMAND: PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL CLAIMS FOR DAMAGES; ANY APPLICABLE FEES ARE PAID HEREWITH